OPINION
{¶ 1} Defendant-appellant James D. Shepler appeals from his conviction and sentence in the Licking County Court of Common Pleas on one count of illegal manufacturing of drugs, in violation of R.C. 2925.04(A)(C)(2). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On October 21, 2004, appellant was indicted on a single count of illegal manufacture of drugs, specifically, methamphetamine (a Schedule II controlled substance). The indictment arose from the following facts.
 {¶ 3} The Licking County Sheriff's Department received a call from Charlie Hash with information regarding the possibility of the manufacturing of illegal drugs. Sergeant Carson called Mr. Hash. Mr. Hash, identified himself and advised that earlier that day he had been hunting with his brother in and around the area near Church Road, Frazeysburg, Ohio. Mr. Hash said he came across a blue Chevy Astro van. Mr. Hash claimed that he observed four individuals, none of whom he had familiarity with, standing and stumbling around the van. According to Mr. Hash, they appeared to be intoxicated. Mr. Hash also stated that he had observed what appeared to be tools used to manufacture drugs, including cans of ether, a hot plate, coffee filters and a coke/water bottle with an attached hose. Mr. Hash was able to provide a West Virginia license plate number, "7SC706", that he said was on the van. Mr. Hash stated that he would be willing to meet with an officer and direct the authorities to the location.
 {¶ 4} Shortly thereafter, Sergeants Carson met with Mr. Hash at a church in Perryton, Ohio. During this face-to-face interview, Mr. Hash reiterated what he had stated previously and went into more detail. During the conversation, Mr. Hash indicated that stated that the van was no longer at the location where it was originally observed but had moved to his brother's house in Frazeysburg, Ohio.
 {¶ 5} The officers were led by Mr. Hash to the previous location of the van. However, nothing incriminating was found. At that time, Sergeant Loy obtained a written statement from Mr. Hash in which he reiterated, for the most part, what he had previously told the officer. In this statement, Mr. Hash voluntarily provided his home address, home phone number, employer and employer's phone number.
 {¶ 6} A short time later, while on patrol near the area of the investigation, Sergeant Carson observed a vehicle matching, in most respects, Charles Hash's description of the van in question. This particular Chevy Astro van was a two tone gray rather than blue and bore a West Virginia license plate of "7FC706". That license plate was only one number off from the number given by Mr. Hash.
 {¶ 7} A traffic stop was initiated. Upon approach, appellant, the driver, and the passenger, Melissa Blair, were identified. Upon searching the vehicle, the chemicals necessary for the production and preparation of methamphetamine were found in the vehicle.
 {¶ 8} On December 8, 2004, appellant filed a motion to suppress evidence. Essentially, appellant contended that the initial seizure of him through a traffic stop was unconstitutional. A hearing on the motion was held on February 2, 2005. The trial court denied appellant's motion to suppress at the conclusion of the hearing. A Judgment Entry to that effect was filed by the trial court on February 3, 2005.
 {¶ 9} On February 11, 2005, appellant appeared before the trial court and entered a plea of no contest to the charge. The trial court accepted the plea and entered a finding of guilty. Appellant was sentenced to a period of two years of incarceration.
 {¶ 10} It is from this conviction and sentence that appellant appeals, raising the following assignment of error:
 {¶ 11} "THE TRIAL COURT ERRED IN DENYING MR. SHEPLER'S MOTION TO SUPPRESS EVIDENCE OBTAINED PURSUANT TO AN UNLAWFUL STOP AND SEARCH."
 {¶ 12} In appellant's sole assignment of error, appellant contends that the trial court should have granted appellant's motion to suppress because the stop was not based upon a reasonable suspicion that criminal activity was afoot. Specifically, appellant contends that there were significant problems with the information obtained from Mr. Hash. We disagree.
 {¶ 13} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning
(1982), 1 Ohio St.3d 19, 437 N.E.2d 583; State v. Klein (1991),73 Ohio App.3d 486, 597 N.E.2d 1141; State v. Guysinger (1993),86 Ohio App.3d 592, 621 N.E.2d 726. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37, 619 N.E.2d 1141. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93,641 N.E.2d 1172; State v. Claytor (1993), 85 Ohio App.3d 623,620 N.E.2d 906; Guysinger, supra. As the United States Supreme Court held in Ornelas v. U.S. (1996), 517 U.S. 690, 699, 116 S.Ct. 1657,134 L.Ed.2d 911, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 14} Appellant's contention is that the trial court failed to correctly apply the law to the facts of the case. Therefore, this court's review is de novo.
 {¶ 15} An investigative stop of a motorist does not violate a suspect's constitutional rights if the officer has a reasonable suspicion that the individual is engaged in criminal activity. Maumee v. Weisner
(1999), 87 Ohio St.3d 295, 299, 720 N.E.2d 507 (citing Terry v. Ohio
(1968), 392 U.S. 1, 22, 88 S. Ct. 1868, 20 L.Ed.2d 889). "To justify a particular intrusion, the officer must demonstrate `specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion."' Weisner,87 Ohio St.3d at 299 (quoting Terry, 392 U.S. at 21). Evaluating the facts and inferences requires the court to consider the totality of the surrounding circumstances. State v. Freeman (1980), 64 Ohio St.2d 291,414 N.E.2d 1044, paragraph one of the syllabus, certiorari denied (1981), 454 U.S. 822, 102 S.Ct. 107, 70 L.Ed.2d 94.
 {¶ 16} This stop was based upon a tip. The Ohio Supreme Court recently addressed the issue of tipsters and reasonable suspicion in Maumee v.Weisner, (1999), 87 Ohio St.3d 295, 720 N.E.2d 507.[1] According to theWeisner court, "the appropriate analysis is whether the tip itself has sufficient indicia of reliability to justify the investigative stop."Weisner, 87 Ohio St.3d at 299, 720 N.E.2d 507. The informant's veracity, reliability, and basis of knowledge are highly relevant factors in determining the value of the informant's tip. Id.
 {¶ 17} It is particularly relevant that the investigative stop in this case was based on a tip from an identified citizen. In Weisner, the Ohio Supreme Court discussed the credibility to be given to an identified citizen tipster:
 {¶ 18} "The [United States Supreme Court] has further suggested that an identified citizen informant may be highly reliable and, therefore, a strong showing as to the other indicia of reliability may be unnecessary: `[I]f an unquestionably honest citizen comes forward with a report of criminal activity — which if fabricated would subject him to criminal liability — we have found rigorous scrutiny of the basis of his knowledge unnecessary.' Illinois v. Gates, 462 U.S. at 233-234,103 S.Ct. at 2329-2330, 76 L.Ed.2d at 545.
 {¶ 19} "In light of these principles, federal courts have routinely credited the identified citizen informant with greater reliability. InUnited States v. Pasquarille (C.A.6, 1994), 20 F.3d 682, 689, for instance, the Sixth Circuit presumed the report of a citizen informant to be reliable because it was based on firsthand observations as opposed to "`idle rumor or irresponsible conjecture,'" quoting United States v.Phillips (C.A.5, 1984), 727 F.2d 392, 397. Likewise, the Tenth Circuit has held that the statement of an ordinary citizen witness is entitled to more credence than that of a known informant. "`Courts are much more concerned with veracity when the source of the information is an informant from the criminal milieu rather than an average citizen * * * in the position of a crime * * * witness.'" Easton v. Boulder (C.A.10, 1985), 776 F.2d 1441, 1449, quoting LaFave, Search and Seizure (1978) 586-587. See, also, Edwards v. Cabrera (C.A.7, 1995), 58 F.3d 290, 294.
 {¶ 20} "Many Ohio appellate courts have also accorded the identified citizen witness higher credibility — In State v. Loop (Mar. 14, 1994), Scioto App. No. 93CA2153, 1994 WL 88041, — the court held that a telephone call from a citizen stating that a motorist might be having a seizure was sufficient to justify an investigative stop that produced evidence of drunken driving. The court reasoned that "`[i]nformation from an ordinary citizen who has personally observed what appears to be criminal conduct carries with it indicia of reliability and is presumed to be reliable.'" Id. at 5, quoting State v. Carstensen (Dec. 18, 1991), Miami App. No. 91-CA-13, *301 at *4, 1991 WL 270665 ___. See, also,Fairborn v. Adamson (Nov. 17, 1987), Greene App. No. 87-CA-13, at 4-5, 1987 WL 20264; State v. Jackson (Mar. 4, 1999), Montgomery App. No. 17226, at *5, 1999 WL 115010, observing generally that "`a tip from an identified citizen informant who is a victim or witnesses a crime is presumed reliable, particularly if the citizen relates his or her basis of knowledge,'" quoting Centerville v. Gress (June 19, 1998), Montgomery App. No. 16899, at *4-5, 1998 WL 321014." Weisner, supra. at 300-301.
 {¶ 21} Turning to the case sub judice, we find that the tip satisfies the relevant factors cited in Weisner. First, Mr. Hash provided his address, his employer and relevant phone numbers and agreed to meet with the officer in person. Second, the information provided by Mr. Hash, the tipster, had indicia of reliability. See Weisner, 87 Ohio St.3d at 302. Mr. Hash provided an eyewitness account of the crime and provided specific details, including a description of the van and an out of state license plate number. Mr. Hash provided the officers a written account of what he had seen. Further, Mr. Hash had directed them to the site of the alleged crime. Thus, there is no question that Mr. Hash was an identified citizen informant and he had first hand knowledge of the events. The fact that the van had left the scene and left no residue or evidence behind is not sufficient to undermine the basic reliability of the tip.
 {¶ 22} Further, Mr. Hash's tips were subsequently corroborated by Sgt. Carson. Shortly after receiving the tip, Sgt. Carson observed a vehicle which essentially matched Mr. Hash's description. It was a Chevy Astro van (same make and model) with a West Virginia license plate just one letter off from that described by Mr. Hash.
 {¶ 23} Based on the foregoing, we find that the tips from Mr. Hash had sufficient indicia of reliability and were corroborated by Sgt. Carson. When the totality of the circumstances is considered, we find that there was sufficient reasonable suspicion to justify the investigative stop.
 {¶ 24} Appellant's sole assignment of error is overruled.
 {¶ 25} The judgment of the Licking County Court of Common Pleas is affirmed.
Edwards, J. Gwin, P.J. and Hoffman, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Plea is affirmed. Costs assessed to appellant.
[1] In Weisner, the Ohio Supreme Court held that a telephone tip can, by itself, create reasonable suspicion justifying an investigative stop where the tip has sufficient indicia of reliability. Id at 296,720 N.E.2d 507. In Weisner, a citizen informant's telephone tip led the Maumee Police Department to stop Weisner for suspected DUI. Upon receiving the dispatch, which included the make, color, and license plate of the car, a Maumee officer pulled Weisner over and subsequently arrested him.